G. Llinás & Co., *S. en C.*, Plaintiff and Appellee, *v.* Heirs of Mariani Bartoli, Defendants and Appellants.

No. 6152.   Argued December 6, 1933.—Decided September 29, 1934.

*González Fagundo & González, Jr.*, for appellant.   *F. Zapater* for appellees.

544

Mr. Justice Aldrey delivered the opinion of the Court.

The defendant heirs appealed from the judgment which in this case compels them to pay to plaintiff a certain sum of money.

In the original complaint which was filed on December of the year 1930 it was alleged that plaintiff had advanced money and provisions to defendants for agricultural purposes for their rural properties, both parties following a current account which was liquidated on December 31, 1929, with a balance of $6,548.87 in favor of plaintiff, which was acknowledged by defendants; that by agreement between the parties said balance would earn interest at the rate of 12% per annum from the date of its liquidation and that said debt has not been paid.

More than a year later, on March 23, 1932, in a supplemental complaint plaintiff reproduced the facts alleged in the original complaint and also made the following allegations: that after the complaint was filed the parties to the suit executed a public deed on April 2, 1931, in which they stated that as a result of the current account liquidated on March 31, 1931, defendants owed plaintiff the sum of $7,416.41 on which they would pay interests at the rate of 10% per annum from March 15, 1931; that the debtors agreed to pay said debt in two years, paying on March 15, 1932, half of the capital owed and all the interests owed to that date and the remaining capital and interest a year later; that to secure the payment of the $7,416.41 and interest the heirs executed by the same deed a mortgage in favor of the creditor on a certain described property; that by said deed it was agreed that G. Llinás & Co., S. en C., would request the dismissal of the suit it had brought and also the cancellation of the attachments levied, after the mortgage was recorded in the registry; that on March 15, 1932, plaintiff did not receive payment of the interests nor the installment which became due on said date; that defendants did not record the deed nor could it be recorded by plaintiff because the property

was not recorded in the name of the mortgage debtors, whose title could not be recorded because defendants had not paid the inheritance tax; and that defendants have been requested without success to record the mortgage and that in view of the breach of the agreement contained in the deed plaintiff has decided to continue its suit.

The district court overruled the demurrer filed by defendants against said supplemental complaint and they answered admitting all the facts alleged therein but stating as defenses that the supplemental complaint does not state sufficient grounds to constitute a cause of action and that the obligation object of the original complaint has been extinguished by the contract executed by the deed of April 2, 1931.

Plaintiff requested judgment on the pleadings in its favor on the ground that the answer admitted all the facts alleged in the supplemental complaint and because the defenses alleged were not meritorious. Judgment was rendered sustaining the supplemental complaint and ordering defendants to pay $7,416.41 to plaintiff, plus interests at the rate of 10 per cent per annum.

The appellant heirs maintain that the lower court committed error in overruling the demurrer, as the supplemental complaint did not state sufficient facts to constitute a cause of action and that it also erred in rendering judgment on the pleadings. The errors are argued jointly and it is claimed that the supplemental complaint does not lie because it states a new cause of action, for it is based on the acknowledgment of a debt in a public deed, whereas the original complaint was based on a current account liquidated by agreement of the parties; and that it does not state a cause of action because the original obligation was extinguished by the novation contained in the deed mentioned.

The supplemental complaint does not state a new cause of action distinct from that exercised by the original complaint because both refer to the current account betwenn plaintiff and defendants, which was liquidated on December 31,

1929, and again when the deed was executed so as to add the interest owed to that date.

It is true that the deed mentioned in the complaint shows that an extension of time was allowed to defendants to pay the debt acknowledged in the same as a result of the liquidation made to that date, but said extension of time was conditioned on the record in the registry of property of the mortgage constituted the same day to secure the payment of the balance; but as no record could be made because defendants could not record their title of ownership for failure to pay the inheritance tax, it is clear that the extension of time allowed is ineffective, in accordance with Section 1096 of the Civil Code, according to which the debtor shall lose all right to profit by the extension allowed if he fails to give to the creditor the securities stipulated. The obligation claimed in the original complaint and that exacted by the supplemental complaint are not incompatible, as it is the same obligation, for they originate from the same source, and the extension granted according to the supplemental complaint, and which was conditioned, is not equivalent to a novation, as this Court has decided in the cases of *Argüeso* v. *Rossner*, 8 P.R.R. 236, and *Armstrong* v. *Flores et al.*, 35 P.R.R. 312.

In virtue thereof, the judgment appealed from must be affirmed.